```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
C.A. and T.B., individually and on behalf of T.A., :
                                                   :
                    Plaintiffs,                    :
                                                   :           REPORT AND RECOMMENDATION
            -against-                              :           20 Civ. 2101 (AMD) (VMS)
                                                   :
NEW YORK CITY DEPARTMENT OF                        :
EDUCATION,                                         :
                                                   :
                    Defendant.                     :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

C.A. and T.B. ("Plaintiffs" or the "parents") commenced this action on behalf of their child T.A. against Defendant New York City Department of Education ("Defendant" or "DOE"), seeking relief for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. See Complaint ("Compl."), ECF No. 1. The Complaint alleges three causes of action. The parties have settled Plaintiffs' two causes of action regarding implementation of Findings of Fact and Decision issued by an impartial hearing officer. Plaintiffs have filed a motion to resolve the remaining claim for attorneys' fees, which motion has been referred to this Court for a report and recommendation by District Judge Ann M. Donnelly. See Motion, ECF No. 19.[1] For the reasons set forth below and to the extent set forth below, it is respectfully recommended that Plaintiffs' motion be granted in part and denied in part, and that they be awarded attorneys' fees and costs in the total amount of **$31,610.20**.

---

[1] The Court considers the following on this motion: Plaintiffs' Memorandum of Law in Support ("Pls.' Mem."), ECF No. 21, and Exhibits A-S thereto ("Pls.' Ex. __"); Defendant's Memorandum of Law in Opposition ("Def.'s Opp."), ECF No. 22; and Plaintiffs' Reply Memorandum in Further Support ("Pls.' Reply"), ECF No. 23, and exhibits thereto ("Pls.' Reply Ex. __").

1

**I. BACKGROUND**

The facts are taken from the Complaint and the motion papers submitted, and are set forth to the extent necessary to provide context for Plaintiffs' request for attorneys' fees.

T.A. lives with his parents in Brooklyn and, as a student with a disability, is entitled to a Free Appropriate Public Education ("FAPE") pursuant to IDEA. Compl. ¶¶ 8-9. In February 2018, Plaintiffs wrote to the DOE requesting an Individualized Education Program ("IEP") for T.A. See Pls.' Ex. E at 3. The DOE conducted evaluations of T.A., but it failed to schedule an IEP meeting. See id. In August 2018, Plaintiffs notified the DOE that as an IEP meeting had not been held, they were unilaterally placing T.A. at the Mary McDowell School for the forthcoming school year. See id. The Mary McDowell School is "a special education school that exclusively admits students with learning disabilities and related disorders." See id. at 4.

In the fall of 2018, the parties were discussing a settlement regarding payment of T.A.'s placement for the 2018-19 school year. Pls.' Exs. A-D. In February and March 2019, the DOE conducted further evaluations of T.A. See Pls.' Ex. E at 4. On May 23, 2019, the DOE held an IEP meeting regarding the 2018-19 year. See id. The parents presented assessments containing a diagnosis of dyslexia and a learning disability, and a report recommending special education support services and accommodations for T.A. See id. The DOE ignored the recommendations, and, at the conclusion of the meeting, refused to offer T.A. an IEP, accommodations and/or services. See id.

Plaintiffs filed a due-process complaint with the DOE on April 12, 2019, alleging a denial of a FAPE for the 2017-18 and 2018-19 school years. See Compl. ¶ 37. This complaint was assigned case number 182487. See id. ¶ 38. A substantive hearing was conducted before an impartial hearing officer ("IHO") on September 10, 2019. See id. ¶ 40. Plaintiffs appeared for

2

the hearing, called two witnesses and entered documents into evidence. See id. ¶¶ 40-43. Defendant did not appear at the hearing and did not submit any documents or testimony to the IHO. See id. ¶¶ 42, 44.

On February 16, 2020, the IHO issued a final order and decision ("FOFD"). See Compl. ¶ 45; FOFD, Pls.' Ex. I. In the FOFD, the IHO noted that the DOE failed to submit any testamentary or documentary evidence, failed to appear at the impartial hearing, and failed to file and serve an answer or a Prior Written Notice to notify the parents of the agency's rational for its position and recommendations. See FOFD at 6. The IHO found the parents' documentary and testamentary evidence to be "credible and completely uncontroverted," id. at 10, and ruled in their favor, ordering, inter alia, that DOE either reimburse the parents or directly pay the cost of tuition at the private school for the 2018-19 school year. See Compl. ¶46. The DOE did not appeal the FOFD. See id. ¶ 47.

In September 2019, Plaintiffs filed a second due-process complaint with the DOE regarding the 2019-20 school year, which complaint was assigned case number 189522. See id. ¶¶ 54-55. On March 27, 2020, a different IHO issued a Pendency Order directing, inter alia, that the DOE provide pendency services "from the date of filing until this matter is finally resolved or the parties agree otherwise, whichever comes first." See id. ¶ 60. As of the date of the filing of the federal complaint, the substantive complaint for the 2019-20 school year was still pending and the DOE had failed to comply with the Pendency Order. See id. ¶¶ 61-62.[2]

Despite many requests from Plaintiffs, the DOE did not comply with any part of the FOFD or reimburse Plaintiffs for any attorneys' fees. See id. ¶ 53. On May 7, 2020, this federal

---

[2] In their memorandum of law in support of the instant motion, Plaintiffs state that a hearing before an IHO was held on March 25, 2020; that a decision favorable to Plaintiffs was issued on March 30, 2020; and that Defendant did not appeal that decision. Pls.' Mem. at 7-8.

3

action was brought to enforce the FOFD and to recover attorneys' fees.  See id. ¶¶ 50-51.

Plaintiff has moved for an award of attorneys' fees incurred both before and during the administrative proceedings and during this federal action.  Defendant does not dispute that Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, but it challenges both the hours billed and the hourly rates charged by Plaintiffs' counsel.  It argues that this Court "should deny Plaintiffs' motion to the extent that it seeks an unreasonable award, and grant Plaintiffs an award of fees and costs."  Def.'s Opp. at 1.

## II.  LEGAL STANDARDS

The fee-shifting provision of IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(I).  "Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  Id. § 1415(i)(3)(C).  Defendant does not contest that Plaintiffs are prevailing parties within the meaning of the statute and that they are entitled to recover reasonable attorneys' fees and costs.  Defendant disputes, however, the amount of the fees sought, arguing that "the Court should find that the hours billed and rates charged by Plaintiffs' counsel are not reasonable, and award a lesser amount."  Def.'s Opp. at 3.

When determining the reasonableness of legal fees, the court must establish the "presumptively reasonable fee" for an attorney's services.  Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).  In calculating the presumptively reasonable fee, the court looks to what a reasonable, paying client would be willing to pay, "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d

4

182, 190 (2d Cir. 2008).  The prevailing method for calculating a presumptively reasonable fee award on a fee application is "the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill, 522 F.3d at 183); see C.G. v. Ithaca City Sch. Dist., 531 F. App'x 86, 88 (2d Cir. 2013) (summary order) (in determining fees under the "district court must calculate fees using the 'lodestar' approach set forth in Millea").  The court should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of [attorneys'] fees in setting a reasonable hourly rate."  Arbor Hill, 522 F.3d at 190.

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness of the fees sought.  See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).  The request must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed.  See Cruz v. Local Union No. 3, 34 F.3d 1148, 1160-61 (2d Cir. 1994).  In making a fee determination, "district courts have broad discretion, using 'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and the rates charged in a given case.'"  AW Indus. v. Sleep Well Mattress, Inc., No. 07 Civ. 3969 (SLT) (JMA), 2009 WL 485186, at *5 (E.D.N.Y. Feb. 26, 2009) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

## III. DISCUSSION

Plaintiffs seek attorneys' fees incurred both at the administrative level, including the proceedings before the IHOs, and during this federal action.  The time records submitted in support of this application include separate invoices for time billed during the administrative and

5

federal proceedings.  See Invoice # 831 ("Admin. Time Rec."), Pls.' Ex. K at 1-17, ECF No. 21-11; Invoice #948 ("Fed. Time Rec."), Pls.' Reply Ex. B.[3]  Plaintiffs seek attorneys' fees in the amounts of $28,036.97 incurred at the administrative level, and of $34,405.10 in this federal action.

### A. Hourly Rates

Charges for ten billing professionals appear on one or both of the invoices.  These professionals include the founding attorney of the law firm, three associates, one law clerk/associate, and five paralegals or legal assistants.  Plaintiffs have provided the following information regarding these billing professionals: (1) principal attorney Tracey Spencer Walsh, founder and owner of the firm Spencer Walsh Law, PLLC ("SWL"), has over 25 years of legal experience, with the last 14 years devoted to representing children in matters arising under IDEA and related statutes, see Pls.' Ex. J; (2) attorney Christopher Barnett, an associate at SWL since November 2019 has over 15 years' experience, more than ten years of which has focused on special-education law, see Pls.' Ex. S; (3) attorney Lauren Druyan, admitted in 2009, has over nine years' experience in special education law and began work as an associate at SWL in June 2019, see id.; (4) attorney Hermann P. Walz has over 28 years' experience, mostly in criminal matters; prior to joining SWL as an associate in 2019, Mr. Walz did not have experience in special-education law, compare Pls.' Ex. S with Pl.'s Reply, Ex. A; (5) Anna Belle Hoots began working at SWL in May 2019 as a law clerk while attending law school, continuing in that role until her admission to the bar in February 2021, at which time she became an associate at the

---

[3] Plaintiffs' motion attached an invoice for time billed through submission of the motion.  See Invoice # 916, Pls.' Ex. K at 18-25.  The invoice attached to the Reply includes all the time billed in this federal action through submission of the Reply.

6

firm, see Pls.' Reply Ex. A; (6) paralegal Wendy Ahlstrand's legal experience began in November 2018 with a part-time position at SWL, leading to a full-time position with that firm in June 2020, see Pls.' Ex. P; (7) Caitriona Carey has worked as paralegal since June 2018, joining SWL in July 2019, see id.; (8) paralegal Sonali Sanyal has worked at SWL since 2017, see id.; (9) Ashley Camarena, a 2017 graduate of the Stern School of Business of NYU with no prior legal or education background, began working for SWL in August 2017 as a Legal Assistant/Reimbursement Specialist, see id.; and (10) Orla Mannion has worked at SWL as a legal assistant since November 2017, but she has no prior legal or administrative experience, see id.

For prosecution of the claims at the administrative level, Plaintiffs seek to recover fees for 82.49 hours billed[4] by six billing professionals for a total fee sought of $27,802.40.[5] According to the time records, Plaintiffs seek to recover the following:

| Billing Prof'l | Hourly Rate Sought | Hours Billed | Fee Sought |
|---|---|---|---|
| Walsh | $695.00 | 2.61 | $ 1,813.95 |
| Walsh | $595.00 | 14.3 | $ 8,508.50 |
| Walsh (travel) | $297.50 | 3.0 | $   892.50 |
| Druyan | $495.00 | 12.55 | $ 6,212.25 |
| Druyan | $475.00 | 4.81 | $ 2,284.75 |
| Camarena | $125.00 | .95 | $   118.75 |
| Carey | $150.00 | 10.99 | $ 1,648.50 |
| Mannion | $190.00 | 13.59 | $ 2,582.10 |
| Sanyal | $190.00 | 19.69 | $ 3,741.10 |

The hourly rates for Ms. Walsh and Ms. Druyan increased during the pendency of the

---

[4] This number excludes hours billed by paralegals for which Plaintiffs are not seeking compensation.

[5] The total amount indicated on the summary page, $28,036.97, includes $234.57 in expenses that should not be included in a discussion of attorneys' fees but rather will be addressed in Section III.C, infra.

7

administrative action. In addition, Ms. Walsh billed 3.0 hours of travel time at a reduced rate.

As to the federal action, Plaintiffs seek $34,005.10 in fees[6] incurred by seven billing professionals over 86.59 hours through the submission of their Reply papers,:

| Billing Prof'l | Hourly Rate Sought | Hours Billed | Fee Sought |
|---|---|---|---|
| Walsh | $695.00 | 25.88 | $17,986.60 |
| Hoots | $300.00 | 42.25 | 12,675.00 |
| Hoots | $175.00 | 5.99 | $1,048.25 |
| Barnett | $475.00 | .25 | $118.75 |
| Walz | $575.00 | .92 | $529.00 |
| Ahlstrand | $200.00 | 1.7 | $340.00 |
| Carey | $150.00 | .42 | $ 63.00 |
| Sanyal | $190.00 | 6.55 | $1,244.50 |

Ms. Hoots's rate increased, presumably reflecting the change in her role from law clerk to associate upon her admission to the practice of law.

A reasonable hourly rate is "the rate a paying client would be willing to pay" keeping in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. IDEA specifies that the reasonable hourly rate is determined by the "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." IDEA, 20 U.S.C. § 1415(i)(3)(C). "The 'community' to which the IDEA's fee calculation provision refers is typically measured by the geographic area in which the action was commenced and litigated." A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005) (internal quotation marks & citation omitted). As the federal action was commenced in the Eastern District of New York, there is a presumption that rates in this District should be applied. As to the administrative proceedings,

---

[6]The summary page total includes the $400.00 filing fee which will be addressed in Section III.C, infra.

8

although the DOE "exercises jurisdiction over public schooling in the five boroughs of the City of New York, three of which lie within the jurisdiction of one United States District Court and two of which are in another," id., the ties to the Eastern District predominate in this particular case. Plaintiffs reside in Brooklyn; T.A. attends school in Brooklyn; and the IHO hearing was conducted in Brooklyn. As such, the Court finds that the Eastern District of New York is the relevant community for determining the reasonableness of hourly rates.[7]

There is a dearth of recent cases in this District determining reasonable hourly rates for an award of fees under IDEA. In the context of comparable civil-rights fee-shifting statutes such as § 1983, "courts in this District have set reasonable hourly rates at approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$100 for paralegals." Anania v. United States, No. 16 Civ. 3542 (SJF), 2021 WL 76837, at *4 (E.D.N.Y. Jan. 8, 2021). In a recent case disability case discrimination case brought under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the court determined that fees in "complex" cases "have ranged between $400-$600 per hour for partners, $200-$400 per hour for associates and $75-100 per hour for paralegals." Lawton, 2021 WL 1394372, at *8. To merit an award at the highest end of the range or above, an attorney must have extensive

---

[7] Although both parties provide case law from the Southern District of New York, Plaintiffs do not specifically argue that use of that community's rates are appropriate here. "Unless a party shows that 'not only the selection of out-of-district counsel was predicated on experience-based, objective factors, [such as counsel's special expertise in litigating the particular type of case], but also of the likelihood that use of in-district counsel would produce a substantially inferior result,' a litigant cannot overcome the presumption of the forum rule." S.A. ex rel. M.A.K. v. New York City Dep't of Educ., No. 12 Civ. 435 (RMM), 2015 WL 5579690, at *3 (E.D.N.Y. Sept. 22, 2015) (alteration in original) (quoting Simmons, 575 F.3d at 176). Plaintiffs do not raise any of these bases to support the hourly rates sought, nor do they provide any evidence that they "sought the assistance of in-district counsel but found none who were competent and willing to take on the case." Lawton v. Success Acad. of Fort Greene, No. 15 Civ. 7058 (FB) (SMG), 2021 WL 1394372, at *7 (E.D.N.Y. Jan. 3, 2021), report & recommendation adopted in part, rejected in part on other grounds, 2021 WL 911981 (E.D.N.Y. Mar. 10, 2021).

experience or specialized knowledge or expertise. See McLaughlin v. IDT Energy, No. 14 Civ. 4107 (ENV), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (in this District, "partner rates higher than $350 per hour are generally reserved for the unusually expert litigator or other special circumstances"); Scharff v. Cnty. of Nassau, No. 10 Civ. 4208 (DRH) (GRB), 2016 WL 3166848, at *5 (E.D.N.Y. May 20, 2016) ("The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." (internal quotation marks & citation omitted)), report & recommendation adopted, 2016 WL 3172798 (E.D.N.Y. June 6, 2016).

As to Ms. Walsh's rate, her fees have been set at least once in this District, see S.A., 2015 WL 557960, at *7 (noting counsel's six years of experience in special education matters and awarding $375 an hour), and, on two other occasions, by different courts in this Circuit, see A.B. v. New York City Dep't of Educ., No. 20 Civ. 3129 (SDA), 2021 WL 951928 (S.D.N.Y. Mar. 13, 2021) (awarding $400 per hour to Ms. Walsh); Doe v. Darien Bd. of Educ., No. 11 Civ. 1581 (JBA), 2015 WL 8770003, at *5 (D. Conn. Dec. 14, 2015) (awarding hourly rate of $350).[8] Plaintiffs do not cite Eastern District case law supporting the hourly rate sought for Ms. Walsh, but rather, argue that the hourly rate of $375 approved in S.A., 2015 WL 557960, at *7, must increase due to factors including, inter alia, inflation, the passage of time, the increase in her experience and the founding of her own law firm dedicated to special-education issues. See Pls.' Mem. at 14-16; id. at 14 n.12; id. at 16 n.15. Defendant acknowledges the passage of time and

---

[8] The Southern District of New York case A.B. also involved many of the same SWL personnel as are involved in the instant case, and awarded hourly rates of $300 for Mr. Barnett and Mr. Walz, $280 for Ms. Druyan, $125 for Ms. Hoots prior to her admission to the bar and $175 after, and $125 for paralegals Camerena, Carey, Mannion and Sanyal.

10

the increase in Ms. Walsh's experience, and it suggests that her rate be adjusted upwards "to a rate not to exceed $450." Def.'s Opp. at 13. The Court agrees that it need not adhere to the $375 per hour rate and that an increase in the hourly rate sought by Ms. Walsh is warranted. See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, No. 10 Civ. 2262 (DRH) (AYS), 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019) (noting that "an hourly fee awarded in the past need not be 'frozen in time' as to require the same rate to apply over a period of several years"), report & recommendation adopted, 2019 WL 2869150 (E.D.N.Y. July 3, 2019).

Despite Ms. Walsh's increased experience and reputation in the special-education arena, however, the rates sought, $595 and $695, are well above rates approved for partners in this District. Although involving a specialized area of the law, this matter has no indicia of being a particularly complex matter within this specialization. Most relevant here is Ms. Walsh's 14 years' experience in IDEA-related and similar matters. As Ms. Walsh points out, her history includes speaking and lecturing on legal issues related to students with autism and other developmental disabilities. Considering all the factors, the Court respectfully recommends that the hourly rate for Ms. Walsh be set at $425. This is consistent with this Court's decision in HVT, Inc. v. Port Auth. of New York & New Jersey, No. 15 Civ. 5867 (MKB) (VMS), 2018 WL 6079932, at *3 (E.D.N.Y. Nov. 21, 2018), in which this the Court awarded an hourly rate of $525 to two attorneys each with more than 20 years' experience in their specialized area.[9]

---

[9] Although the DOE oversees schools located in both the Eastern and Southern Districts of New York, the latter court seems to have a heavier docket of IDEA cases. This Court finds the Southern District of New York cases instructive on the issue of rates within the specialized realm of IDEA-related litigation. A review of recent Southern District of New York cases shows that the Court's recommended hourly rate for Ms. Walsh is consistent with awards given to attorneys with comparable experience in that District. See S.P. on behalf of M.P. v. New York City Dep't of Educ., No. 20 Civ. 8380 (ALC) (SN), 2022 WL 109266, at *6 (S.D.N.Y. Jan. 11, 2022)

11

Attorneys Barnett and Druyan are senior associates with experience specific to the special education law area. It is respectfully recommended that a reasonable hourly rate of $300 be approved for these billing professionals. Attorney Walz has a wealth of experience in terms of his time in practice, some of which is likely transferable to other practice areas, but he has not demonstrated any experience in special-education matters that would support an award at the hourly rate sought of $575. Further, his contribution to this litigation was minimal as he billed less than one hour of time. It is respectfully recommended that Mr. Walz's rate be reduced to $350. See A.B., 2021 WL 951928, at * 6 (reducing hourly rate for Mr. Walz from $575 to $300 "commensurate with the rate for an experienced litigation attorney with limited special education experience, as well as a limited role in the case").

Two hourly rates are sought regarding work performed by Ms. Hoots -- $175 for the time she worked at the firm as a law clerk prior to being admitted to the practice of law, and $300 as an associate attorney. "Numerous cases in the Eastern District hold that the hourly rates awarded to law clerks (who are not admitted to the bar) should be comparable to those awarded to paralegals." Douyon v. N.Y Med. Health Care, P.C., 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014);

---

(approving hourly rates of .$400 for senior associate with 12 years' of special-education litigation experience and $420 for an attorney with over 20 years' experience on special education and disability matters); A.G. v. New York City Dep't of Educ., No. 20 Civ. 7577 (LJL), 2021 WL 4896227, at *6 (S.D.N.Y. Oct. 19, 2021) (awarding $420 an hour to managing partner of firm with over 20 years' experience including litigating "hundreds of special education due process hearings throughout the State of New York" as well as being a published author and regular speaker on special education matters); D.B. on behalf of S.B. v. New York City Dep't of Educ., No. 18 Civ. 7898 (AT) (KHP), 2019 WL 6831506, at *4 (S.D.N.Y. Apr. 22, 2019) (awarding $450 per hour to partner with 30 years' overall experience, and 15 years in IDEA litigation), report & recommendation adopted, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019); M.K. on Behalf of C.K. v. Arlington Cent. Sch. Dist., No. 16 Civ. 5751 (NSR), 2019 WL 92004, at *5 (S.D.N.Y. Jan. 3, 2019) (finding "$450 is the market rate and a reasonable rate for a solo practitioner with [counsel's] then twenty-five years of experience trying special education cases").

see Valvo v. City of New York, No. 13 Civ. 6562 (NG) (SMG), 2018 WL 3999011, at *3 (E.D.N.Y. Jan. 23, 2018) ("Law clerks are generally awarded rates similar to those of paralegals."). It is respectfully recommended that the hourly rate for Ms. Hoots prior to her admission to the bar be reduced to the paralegal rate of $100. See Hunter v. City of New York, No. 12 Civ. 6139 (MKB), 2021 WL 4942769, at *5 (E.D.N.Y. Oct. 22, 2021) ($100 hourly rate is "in line with the recognized rates for law clerks and paralegals in this District"). As a newly admitted associate, her hourly rate should be at the lower end of the junior associate spectrum. It is respectfully recommended that the hourly rate for Ms. Hoots acting as an attorney be reduced to $150.

Although the time records submitted show hourly rates for the paralegals ranging from $125 to $200, Plaintiffs offer to agree to a reduction in the paralegal rates to $150 per hour. See Pls.' Reply 1 n.1. This reduction still does not bring the rate in line with reasonable paralegal rates awarded in this District. The appropriate hourly rate for a paralegal is also dependent upon the experience level of the professional. "One hundred dollars per hour is the appropriate rate for those [paralegals] with significant experience, while "an hourly rate of $70 [is] appropriate for those with less or minimal experience." Sooroojballie v. Port Auth. of New York & New Jersey, No. 15 Civ. 1230 (WFK) (PK), 2020 WL 6149665, at *6 (E.D.N.Y. Sept. 22, 2020) (alterations in original; internal quotation marks & citation omitted), report & recommendation adopted, 2020 WL 6146880 (E.D.N.Y. Oct. 20, 2020); see Cap. One, N.A. v. Auto Gallery Motors, LLC, No. 16 Civ. 6534 (PKC) (SIL), 2020 WL 423422, at *4 (E.D.N.Y. Jan. 27, 2020) (awarding $100 hourly rate for paralegals with over ten years' experience, $70 per hour with paralegals with less than five years' experience). None of the paralegals or legal assistants has the level of experience necessary to merit the highest approved rate in this District. A review of

13

the resumes submitted shows that the paralegals and legal assistants began working in that capacity, either at SWL or another firm, in 2017 (Camarena, Mannion, Sanyal) or 2018 (Ahlstrand, Carey), and thus had 0-1 years' experience when the administrative process began, and 3-4 years' experience at the commencement of the federal action.  The Court respectfully recommends that the paralegal hourly rate be set at $80 for Camarena, Mannion and Sanyal, and $70 for Ahlstrand and Carey.

### B. Reasonableness Of Hours Expended

The Court must also determine the reasonableness of the hours expended.  When considering an application for attorneys' fees, the court should exclude "excessive, redundant, or otherwise unnecessary" hours.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks & citation omitted); see Cap. One, 2020 WL 423422, at *2 (if the hours claimed are "insufficiently documented, the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought" (internal quotation marks & citation omitted)).

Defendant argues that the number of hours billed are excessive.  As to the administrative proceeding, Defendant raises the following arguments: (1) the total of 28.56 hours billed prior to filing the due-process complaint should be disallowed as "insufficiently related" to that complaint, Def.'s Opp. at 18; (2) a percentage reduction of "at least 50%" is necessary because the IHO did not address two of Plaintiffs' requests and thus they only enjoyed partial success, see id. at 18-19; (3) inappropriate billing of 1.03 hours by an attorney for tasks that were

14

"secretarial or administrative in nature," see id. at 19-20; (4) overbilling of 14.02 hours for intra-office conferences, see id. at 20-21; (5) excessive billing of 32.91 hours in preparation for the due process hearing before the IHO, see id. at 21-22.

      The Court finds that in light of all the circumstances, the time billed to the administrative proceeding was reasonable. As to the partial success argument, Plaintiffs report that they withdrew the other claims at the hearing; therefore, the IHO decided the issues before him in Plaintiffs' favor. Pls.' Reply at 6-7. Regarding the time spent preparing for the due-process hearing, the Court credits counsel's representation that Defendant did not let Plaintiffs know whether it would be presenting a case at that hearing, see Pls.' Mem. at 6 (noting that it is "quite typical" that Defendant "does not advise Plaintiffs' counsel as to whether or not it will present witnesses, nor identifies who those witnesses may be"), and, that as a result, Plaintiffs' counsel was professionally obligated to devote time to issues that might have conceivably been raised. Defendant does not dispute Plaintiffs' argument, but it simply counters that the preparation time was excessive "[e]ven assuming that Plaintiffs' counsel did not know the hearing would be uncontested (and, as a result, performed more preparation tha[n] was ultimately needed)." Def.'s Opp. at 21-22. The mere fact that Defendant did not ultimately appear and present a case did not relieve Plaintiffs' counsel of the obligation to prepare for the hearing, and the Court finds that those hours are reasonable and compensable. Defendant cannot seriously be heard to object to paying for time it could have eliminated in large part by communicating with Plaintiffs' counsel in a timely manner about its plan for the hearing. The arguments about mundane tasks being billed at the attorney rate and the alleged overbilling resulting from intra-office conferences carry minimal weight given the limited number of hours and, in any event, they are not excessive. The Court respectfully recommends that Plaintiffs be awarded fees for the full number of hours billed

at the administrative level. Applying the reduction in hourly rates discussed above, it is respectfully recommended that Plaintiffs be awarded $16,539.95 in attorneys' fees for the administrative proceeding, broken down by billing professional as follows:

| Billing Prof'l | Adjusted Hourly Rate | Compensable Hours | Fee Award |
|---|---|---|---|
| Walsh | $425.00 | 16.91 | $ 7,186.75 |
| Walsh | $212.50 | 3.0 | $ 637.50 |
| Druyan | $300.00 | 17.36 | $ 5,208.00 |
| Camarena | $ 80.00 | .95 | $ 76.00 |
| Carey | $ 70.00 | 10.99 | $ 769.30 |
| Mannion | $ 80.00 | 13.59 | $ 1,087.20 |
| Sanyal | $ 80.00 | 19.69 | $ 1,575.20 |

As to the time billed in the federal action, Defendant again argues that the hours billed are excessive, specifying entries totaling 6.71 hours for intra-office conferences and 36.44 hours to draft the moving brief. See id. at 22. A prevailing party in action under IDEA may "recover fees incurred in seeking attorney's fees under IDEA, sometimes known as a fees-on-fees motion." Dzugas-Smith v. Southold Union Free Sch. Dist., No. 07 Civ. 3760 (JS), 2010 WL 3852003, at *2 (E.D.N.Y. Sept. 27, 2010). The Court finds that the number of hours billed for preparation of this motion for attorneys' fees was excessive but, otherwise, that the hours billed were reasonable.

Of the over 86 total hours billed in this federal action, the Court's review of the records shows that, including time billed in reply, Plaintiffs' counsel expended 62.48 hours by three attorneys and two support staff on the briefing of the instant motion for attorneys' fees. The fee application does not present novel questions of law. A large portion of the submission is devoted to preparing and presenting supporting documentation such as the billing records and resumes or curriculum vitae setting forth the qualifications of the billing professionals. It has been noted, albeit in another District, the legal basis for a fee application "is well-plowed acreage, leaving

16

the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter." B.B. v. New York City Dep't of Educ., No. 17 Civ. 4255 (VEC), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) (noting further that "a competent attorney should not have needed more than 40 hours to litigate this fee petition"); see A.B., 2021 WL 951928, at *9-10 (reducing hours billed by SWL attorneys in preparing its fee application by 50%, from about 84 hours to 42 hours).

Plaintiffs point out, as evidence of their cost-consciousness, that they utilized Ms. Hoots, a newly minted attorney, to do the bulk of the work on this motion to keep fees down. See Pls.' Mem. at 9. Despite this assignment effort, the total number of hours does not reflect necessary efficiencies. The Court respectfully recommends a 30% reduction of the hours billed to preparation of the attorneys' fees motion, resulting in the following compensable hours:

| Billing Prof'l | Hours Billed | Compensable Hours |
|---|---|---|
| Walsh | 19.85 | 13.9 |
| Walz | .52 | .36 |
| Hoots | 35.66 | 25.0 |
| Ahlstrand | 1.18 | .83 |
| Sanyal | 5.27 | 3.69 |

The Court finds that the remaining time billed in the federal action is reasonable and compensable; therefore, it is respectfully recommended that no further reduction be applied.

Applying the adjusted hourly rates to the total compensable hours, it is respectfully recommended that Plaintiffs be awarded attorneys' fees expended in the federal action in the

17

amount of $14,670.25, broken down by billing professional as follows:

| Billing Prof'l | Adjusted Hourly Rate | Total Compensable Hours | Fee Award |
|---|---|---|---|
| Walsh | $425.00 | 19.93 | $ 8,470.25 |
| Barnett | $300.00 | .25 | $ 75.00 |
| Walz | $350.00 | .76 | $ 266.00 |
| Hoots | $150.00 | 31.59 | $ 4,738.50 |
| Hoots | $100.00 | 5.99 | $ 599.00 |
| Ahlstrand | $ 70.00 | 1.35 | $ 94.50 |
| Carey | $ 70.00 | .42 | $ 29.40 |
| Sanyal | $ 80.00 | 4.97 | $ 397.60 |

Combined, it is respectfully recommended that Plaintiffs be awarded attorneys' fees in the total amount of $31,210.20.[10]

### C. Costs

"IDEA permits prevailing parties to recover attorney's fees and costs incurred to enforce a disabled child's rights under the statute." Dzugas-Smith, 2010 WL 3852003, at *2 (citing 20 U.S.C. § 1415(i)(3)(B)(i)). Plaintiffs generally claim entitlement to their "reasonable costs and expenses," see Pls.' Mem. at 21, but have failed in their memoranda to identify any of these items or to provide any substantiating documentation. See Local Civil Rule 54.1 ("The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits."). Buried within the time records are three "Expense" items: cab fare for Lyft, see Admin. Time Rec. at 14; a copy center for an evidence binder, see id.; and a filing fee, see Fed. Time Rec. at 1. Absent documentation, the first two expenses cannot be recovered. Judicial notice may be taken

---

[10] Plaintiffs also argue that this Court should order Defendant to pay their full attorneys' fees in light of its alleged misconduct and questionable "ethics" in withholding tuition payments. See Pls.' Reply at 1-2. The relief they suggest is more akin to a request for sanctions, but they have not provided a statutory basis for the imposition of sanctions. As such a request is not properly before the Court, the Court declines to address this argument.

18

as to payment of the District's filing fee as a cost.  See Rudler v. Houslanger & Assocs., PLLC, No. 18 Civ. 7068 (SJF) (AYS), 2020 WL 473619, at *12 (E.D.N.Y. Jan. 29, 2020).  The docket reflects Plaintiffs' payment of the $400.00 filing fee, see ECF No. 1, and the Court respectfully recommends that Plaintiffs be awarded this amount as a cost.

### IV. CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiffs' motion be granted to the extent that they be awarded $31,210.20 in attorneys' fees and $400.00 in costs for a total award of **$31,610.20**.

### V. OBJECTIONS

A copy of this report and recommendation is being provided to the parties via ECF. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14)-day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
       February 16, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge